# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07-20065 |
|  | ) 10-2130 |
| ALEJO CESAREO-AYALA, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Defendant Alejo Cesareo-Ayala was convicted by a jury of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, possession with intent to distribute 500 grams or more of cocaine, and distribution of marijuana. He was sentenced to 240 months' imprisonment, 188 months' imprisonment, and 120 months' imprisonment on those three counts respectively, to run concurrently. Mr. Cesareo-Ayala appealed, and the Tenth Circuit affirmed his conviction. *United States v. Cesareo-Ayala*, 576 F.3d 1120 (10th Cir. 2009).

Mr. Cesareo-Ayala's case is now before this court on his pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 175). For the reasons set forth below, this motion is denied.

**1. Standard of Review**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was

rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

**2.    Mr. Cesareo-Ayala's claims**

Mr. Cesareo-Ayala lists six issues (doc. 175, p. 4) that he believes entitle him to relief.

A.    *Apprendi*

The first three of Mr. Cesareo-Ayala's enumerated claims relate to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its aftermath. Specifically, Mr. Cesareo-Ayala asserts that his sentence and conviction are unconstitutional under *Apprendi*. He argues that Congress intended for drug type and quantity to be sentencing factors and not

2

elements of a 21 U.S.C. § 841(a)(1) violation, but that the Supreme Court declared that scheme unconstitutional in *Apprendi*. He also maintains that the subsequent judicial remedy of treating drug type and quantity as elements of § 841 violations is an unconstitutional attempt to rewrite the statute.

The text of this argument appears to have come from the Initial Brief filed in *United States v. Saenz*, No. 07-40344, 2008 WL 2737272 (5th Cir. Jul. 15, 2008).[1] That court rejected the argument that the federal drug laws are facially unconstitutional after *Apprendi*. *Saenz*, No. 07-40344, at *3. The Tenth Circuit has similarly rejected that precise claim. *United States v. Cernobyl*, 255 F.3d 1215, 1218-19 (10th Cir. 2001).

Although Mr. Cesareo-Ayala's Statement of Issues asserted that his sentence violated *Apprendi*, he makes no specific challenge to it. In the interest of completeness, however, the court will address that possibility as well. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Mr. Cesareo-Ayala faced three charges: conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, possession with intent to distribute 500 grams or more of cocaine, and distribution of marijuana. And for all three counts, the jury was instructed

---

[1] Incidentally, Mr. Cesareo-Ayala's motion is nearly identical to the § 2255 motion the court recently ruled on in *Untied States v. Mojica-Fabian*, No. 06-20062, 2010 WL 1643620 (D. Kan. Apr. 21, 2010).

3

that a finding of guilty must include a determination that Mr. Cesareo-Ayala was involved with that drug type and quantity (doc. 75, pp. 24, 28, 30).

Moreover, Mr. Cesareo-Ayala was sentenced below the statutory maximum. *See United States v. O'Flanagan*, 339 F.3d 1229, 1232 n.2 (10th Cir. 2003) (defendant cannot assert due process claim under *Apprendi* if his sentence does not exceed statutory maximum for underlying conviction) (citing *Harris v. United States*, 536 U.S. 545, 558, 565 (2002)).

Thus, Mr. Cesareo-Ayala's sentence does not run contrary to *Apprendi*.

B.   Presentence Investigation Report

The next issue listed by Mr. Cesareo-Ayala is "whether the district court's jurisdiction lost the power to sustain the subject matter jurisdiction of the Presentencing Report Investigation (PSIR), which contains constitutional errors based on recent Supreme Court's line of rulings requiring resentencing." Mr. Cesareo-Ayala explains that "[t]he PSIR has been memorialized with inaccurate facts based on previous district court's 'good-faith' interpretations over the subject-matters of sentencing enhancements and quantity in drug-cases."

Mr. Cesareo-Ayala contends that the PSIR contained inaccurate facts and judicial interpretations and that he did not have an opportunity to dispute those inaccuracies. He does not, however, identify any specific facts that he believes to be erroneous. Mr. Cesareo-Ayala also incorporates his earlier argument based on the *Apprendi* line of cases, though as discussed above, Mr. Cesareo-Ayala's sentence does not violate the Supreme

4

Court's holdings in that area.

Mr. Cesareo-Ayala also maintains that the PSIR impermissibly suggested that the sentencing guidelines were mandatory. During sentencing the court reiterated that the sentencing guidelines were advisory, and then used the factors set forth in § 3553 to explain why the sentence imposed was "sufficient but not greater than necessary to comply with the purposes of sentencing identified in 18 U.S.C. Section 3553(a)(2)" (doc. 149, p. 16-17).

Thus, Mr. Cesareo-Ayala has not identified an error in his PSIR that would warrant habeas relief.

C. Ineffective Assistance

Mr. Cesareo-Ayala next raises "whether the appellant can assert an effective of counsel claim, in urging appellant to plead guilty thereby foreclosing attack on antecedent constitutional violations." Mr. Cesareo-Ayala does not, in the body of his memo, explain this claim. Given that Mr. Cesareo-Ayala was convicted following a jury trial and not as a result of a guilty plea, this issue appears irrelevant.

In his reply brief, however, Mr. Cesareo-Ayala rejects the idea that his allegation of his attorney's "insistence on taking a Plea Agreement is inconsistent with . . . proceeding to trial. If anything it renders Counsel's performance even more culpable."

To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that his lawyer's performance was deficient as compared to an objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S. 668,

5

687-88, 694 (1984). The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687).

Mr. Cesareo-Ayala identifies no prejudice that resulted from his attorney's alleged insistence that he plead guilty, particularly in light of Mr. Cesareo-Ayala's decision to not plead guilty. Thus, this claim is not grounds for § 2255 relief.

D. Outrageous Government Conduct

Mr. Cesareo-Ayala also questions "whether petitioner has standing to raise the defense of outrageous government conduct," and he spends two pages of his memo discussing that defense (both are labeled 14, one is placed before page 13 and one after). The discussion Mr. Cesareo-Ayala includes in his memo, however, is mostly Ninth Circuit case law about outrageous governmental conduct and advice to practitioners—"the attorney should consider a motion to dismiss whenever there is excessive police violence or misconduct," and "[i]n bringing such motion, counsel should also point out that a Federal Court has the inherent supervisory power to dismiss an indictment on the basis of governmental misconduct." Nowhere does Mr. Cesareo-Ayala actually explain, however, what governmental conduct he believes occurred in his case to warrant habeas relief.

E. Procedural Default

Mr. Cesareo-Ayala failed to raise all of these arguments on direct appeal. "Generally, a habeas petition cannot be used to substitute for direct appeal." *Latu v.*

6

*Ashcroft*, 375 F.3d 1012, 1017 (10th Cir. 2004). Thus, § 2255 motions "are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citations omitted). When a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

Mr. Cesareo-Ayala did not address any of the above claims on direct appeal.[2] He is therefore barred from raising them in a § 2255 motion unless he can show cause and prejudice. Mr. Cesareo-Ayala made no effort to satisfy that standard, even after the Government asserted procedural default in its response brief. Although, ineffective assistance of appellate counsel can establish cause to overcome the procedural bar, *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993), Mr. Cesareo-Ayala made no allegation that his appellate attorney was ineffective for not raising this issue.

Thus, he has procedurally defaulted these grounds and may not raise them in his § 2255.

**3.      Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255

---

[2] Due to the nature of ineffective assistance claims generally, Mr. Cesareo-Ayala's ineffective assistance claim addressed above is not barred even though it was not raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

7

Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, Mr. Cesareo-Ayala has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability as to its ruling on defendant's § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 175) is **denied**. The court also denies Mr. Cesareo-Ayala a certificate of appealability.

**IT IS SO ORDERED** this 10th day of May, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[3] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).