# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                             |   |                      |
|---|---|---|
| UNITED STATES OF AMERICA,   ) |   |                      |
|                             ) |   |                      |
| Plaintiff,                  ) |   |                      |
|                             ) |   |                      |
| v.                          ) |   | Case No. 07-20065    |
|                             ) |   |          10-2130     |
| ALEJO CESAREO-AYALA,        ) |   |                      |
|                             ) |   |                      |
| Defendant.                  ) |   |                      |
|                             ) |   |                      |

## MEMORANDUM AND ORDER

Defendant Alejo Cesareo-Ayala filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 175), which this court denied (doc. 179). He has now filed a Motion to Vacate Judgment (doc. 180), in which he urges this court to reconsider its ruling under Rule 60(b). For the reasons discussed below, this motion is denied in part and dismissed in part.

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver*, 952 F.2d at 1243-44. According to Rule 60, a court may grant relief from judgment for one of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A "true" 60(b) motion following the denial of § 2255 petition, however, must "either (1) challenge[] only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenge[] a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (citing *Spitznas v. Boone,* 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citations omitted)). If the motion instead "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction," it is a second or successive petition. *Id.*

Here, Mr. Cesareo-Ayala's motion contains both procedural challenges to the court's ruling, which would qualify as "true" 60(b) grounds, and also substantive arguments concerning his underlying conviction, which constitute a second or successive petition.

First, as to procedural arguments, Mr. Cesareo-Ayala argues that he did not procedurally default any arguments because of the "actual innocence exception." He

2

does not explain that argument, other than to assert that it was "memorialized in his Amendment to his Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241." Mr. Cesareo-Ayala, however, filed a § 2255 petition and not a § 2241 motion. Moreover, he never filed any Amendment to his petition. This argument is undeveloped, and it does not meet the high standard for Rule 60(b) relief.

Mr. Cesareo-Ayala also objects to the court's denial of a COA prior to any official request from him for one. As the court noted, however, Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to grant or deny a COA when making a ruling adverse to the petitioner. After analyzing Mr. Cesareo-Ayala's § 2255 claims, this court concluded that he was unable to satisfy the standard necessary for a COA, and thus declined to issue one. The court, therefore, followed proper procedure in ruling on the § 2255 and the COA. To the extent Mr. Cesareo-Ayala disputes that decision substantively, the court sees no reason to reconsider.

To the extent Mr. Cesareo-Ayala's Rule 60(b) motion challenges these procedural arguments, it is denied.

Beyond those claims, however, Mr. Cesareo-Ayala merely reiterates the substance of his § 2255 petition. He again argues that the indictment against him violated *Apprendi* and thus presented a jurisdictional barrier to his conviction. He also has a section of argument titled "Defects in the Guilty Plea," even though Mr. Cesareo-Ayala did not enter a guilty plea and instead was convicted following a jury trial. These arguments challenge the validity of Mr. Cesareo-Ayala's underlying conviction and sentence. As

3

such, they are not "true" 60(b) motions and are more properly construed as second or successive § 2255 arguments.

In order to file a successive § 2255 motion, a petitioner must first move the court of appeals for an order authorizing the district court to hear the motion. 28 U.S.C. § 2244(b)(3). The court of appeals then may grant permission to file a second or successive motion only if the applicant meets certain criteria. § 2255(h). Specifically, the applicant must show either "(1) the existence of newly discovered evidence that, if proven in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*

Because Mr. Cesareo-Ayala has failed to obtain, or even seek, that permission, this court may transfer the case to the Tenth Circuit if "it is in the interest of justice to do so." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). If it is not in the interests of justice to transfer the case, however, this court must dismiss the case for lack of jurisdiction because it has no authority to entertain second or successive § 2255 motions unauthorized by the court of appeals. *Id.*

For the reasons this court set forth in its order denying Mr. Cesareo-Ayala's § 2255 petition, he has failed to satisfy § 2255(h)'s strict requirements for a successive petition, such that a transfer to the court of appeals would serve no legitimate purpose and would therefore not be in the interest of justice. As such, this court has no choice but to

4

dismiss those parts of his motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to vacate judgment (doc. 180) is **denied in part and dismissed in part**.

**IT IS SO ORDERED** this 24th day of June, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge