IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

v.              Case No. 07-20065-03-JWL

**Alejo Cesareo-Ayala,**

   **Defendant.**

## MEMORANDUM & ORDER

  Mr. Cesareo-Ayala was convicted by a jury of conspiracy to distribute and possession with intent to distribute more than 5 kilograms of cocaine; possession with the intent to distribute 500 grams or more of cocaine; and distribution of marijuana. The court sentenced Mr. Cesareo-Ayala to 240 months imprisonment, the mandatory minimum sentence on the conspiracy charge in light of the enhanced penalties triggered in 21 U.S.C. § 841(b)(1)(A) by the government's filing an information pursuant to 21 U.S.C. § 851.

  This matter is before the court on Mr. Cesareo-Ayala's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Mr. Cesareo-Ayala asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines. The motion is dismissed for lack of jurisdiction because the court lacks the authority to revise Mr. Cesareo-Ayala's sentence based on Amendment 782. Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, ⎯⎯ U.S. ⎯⎯, 131 S. Ct. 2685, 2690 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory

authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).  Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c).  That provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  Mr. Cesareo-Ayala's sentence in this case was not "based on a sentencing range" but, instead, was based on a mandatory statutory minimum under 21 U.S.C. §§ 841(b)(1)(A) and 851.  The court, then, has no jurisdiction to reduce Mr. Cesareo-Ayala's sentence.  Because Mr. Cesareo-Ayala remains subject to the mandatory minimum sentence of 20 years regardless of the application of Amendment 782, a reduction under § 3582(c)(2) is not authorized and Amendment 782 affords no relief to Mr. Cesareo-Ayala.  *See United States v. Woods*, 598 Fed. Appx. 567, 570 (10th Cir. 2015) (if a defendant is sentenced pursuant to a statutory mandatory minimum sentence provision, he is ineligible for a sentence reduction under § 3582(c)(2)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Cesareo-Ayala's motion to reduce sentence (doc. 191) is dismissed.

**IT IS SO ORDERED.**

Dated this 29th day of July, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge