**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

**Plaintiff,**

**v.** **Case No. 07-20065-03-JWL**

**Alejo Cesareo-Ayala,**

**Defendant.**

**MEMORANDUM & ORDER**

Mr. Cesareo-Ayala was convicted by a jury of conspiracy to distribute and possession with intent to distribute more than 5 kilograms of cocaine; possession with the intent to distribute 500 grams or more of cocaine; and distribution of marijuana. The court sentenced Mr. Cesareo-Ayala to 240 months imprisonment, the mandatory minimum sentence on the conspiracy charge in light of the enhanced penalties in 21 U.S.C. § 841(b)(1)(A) triggered by the government's filing an information pursuant to 21 U.S.C. § 851.

This matter is before the court on Mr. Cesareo-Ayala's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 207) in which Mr. Cesareo-Ayala asks the court to reduce his sentence by "two levels" based on the "new amendment" relating to "2D1.1" "now that the 2014 amendments officially apply retroactively and enter [sic] in effect on November 1, 2014." The court construes the motion as seeking relief based on Amendment 782 and this marks the second time that Mr. Cesareo-Ayala has sought relief pursuant to that amendment. As the court concluded when faced with Mr. Cesareo-Ayala's first motion, the

court has no authority to revise Mr. Cesareo-Ayala's sentence based on Amendment 782 and must dismiss the motion for lack of jurisdiction.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). That provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Mr. Cesareo-Ayala's sentence in this case was not "based on a sentencing range" but, instead, was based on a mandatory statutory minimum under 21 U.S.C. §§ 841(b)(1)(A) and 851. The court, then, has no jurisdiction to reduce Mr. Cesareo-Ayala's sentence. Because Mr. Cesareo-Ayala remains subject to the mandatory minimum sentence of 20 years regardless of the application of Amendment 782, a reduction under § 3582(c)(2) is not authorized and Amendment 782 affords no relief to Mr. Cesareo-Ayala. *See United States v. Woods*, 598 Fed. Appx. 567, 570 (10th Cir. 2015) (if a defendant is sentenced pursuant to a statutory mandatory minimum sentence provision, he is ineligible for a sentence reduction under § 3582(c)(2)).

On the last page of his motion, Mr. Cesareo-Ayala asserts that he is also "making a petition of 4 levels for any other prior felony conviction" and "2 levels for three or more convictions for demeanors [sic] that are crimes of violence or drug trafficking offenses." The court does not understand this assertion and finds nothing in the Presentence Report that sheds any light on this assertion. Because Mr. Cesareo-Ayala was not sentenced under the Guidelines,

any "levels" he received pursuant to those Guidelines are not relevant to the sentence he received. In any event, he received no "points" under the Guidelines relating to prior felony convictions or crimes of violence. While Mr. Cesareo-Ayala received an enhanced sentence under 21 U.S.C. § 841(b)(1)(A) based on a prior conviction for a felony drug offense, he asserts no challenge to that enhancement that might permit modification of his sentence under § 3582(c)(2). This aspect of the motion, then, is also dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Cesareo-Ayala's motion to reduce sentence (doc. 207) is dismissed.

**IT IS SO ORDERED.**

Dated this 7th day of May, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge